UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

NINA MARIE BARBIERI,

        Debtor.
----------------------------------------------------------x

Chapter 7

Case No.: 00-22274-478

# MEMORANDUM DECISION

*Appearances:*

Jones and Schwartz, P.C.
*Attorneys for John S. Pereira,*
*Chapter 7 Trustee*
By: Harold D. Jones, Esq.
One Old Country Road, Suite 384
Carle Place, New York 11514

Kevin M. Coffey, LLC
*Accountant for the Trustee*
By: Kevin M. Coffey, CPA
415 Main Street
Ridgefield, Connecticut 06877

Coritsidis & Lambros, PLLC
*Attorneys for RAJ Acquisition Corp.*
By: Michael N. Coritsidis, Esq.
46 Trinity Place, 4th Floor
New York, New York 10006

United States Department of Justice
Office of the United States Trustee
*Attorneys for the Untied States Trustee*
By: Christine Black, Esq.
560 Federal Plaza
Central Islip, New York 11722

Law Offices of Norman Trabulus
*Attorneys for* Louis Barbieri
By: Norman Trabulus
345 Seventh Avenue, 21st Floor
New York, New York 10001

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is an objection by RAJ Acquisition Corp. ("RAJ") to the Chapter 7 Trustee's motion to expunge its two proofs of claim (the "Motion"). This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B) and (O) and 11 U.S.C. § 502. The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

FACTS

RAJ Acquisition Corp. ("RAJ") filed claim number 30 on March 9, 2001 and claim no. 33 on May 20, 2002 against the Debtor's bankruptcy estate. Each proof of claim asserts a general unsecured claim in the sum of $1 million arising from the Debtor's alleged breach of a prepetition contract (the "Contract") to sell to RAJ a parcel of real property located at 86 East 3rd Street, New York, New York (the "Premises"). John S. Pereira, the Chapter 7 Trustee, filed this Motion on February 2, 2010 seeking an order to expunge claim number 30 and claim number 33. It is conceded by RAJ that claim number 33 is a duplicate of claim number 30 and the disallowance of that claim is not at issue.

With respect to claim number 30, the Trustee asserts that the claim should be expunged based upon this Court's ruling in its Memorandum Decision and Order, dated December 29, 2009 (the "Decision and Order"). Familiarity with the factual background and the circumstances of this bankruptcy case and the Court's Decision and Order is presumed and only the facts relevant to the issue before the Court shall be stated herein.

RAJ argues that the Court's Decision and Order cannot serve as a basis for expunging its claim because the only issue before the Court at that time was whether the Trustee's proposed

settlement of RAJ's $1 million claim for $400,000 was reasonable and should be approved. The Decision and Order did not rule on the issue of whether RAJ's claim should be disallowed. Further, RAJ asserts that the Debtor's Contract to sell the Premises was an executory contract which the Debtor rejected postpetition. RAJ argues that the Debtor's rejection of the Contract in the absence of any default by RAJ constitutes a breach of contract and that the Debtor's liability to RAJ is absolute and thus RAJ's claim should not be disallowed.

The Court held a hearing on the Trustee's Motion on April 1, 2010 and RAJ submitted additional post-hearing response papers on April 12, 2010. The Trustee declined to make any further submissions.

## DISCUSSION

Although the issue of whether RAJ's claim number 30 should be disallowed was not before the Court when the Court rendered its prior Decision and Order, in order to decide whether the offer to compromise the amount of RAJ's claim was reasonable the Court nevertheless considered the issue of the Debtor's liability to RAJ. In determining the reasonableness of the Trustee's proposed settlement with RAJ to reduce RAJ's claim from $1 million to $400,000, the Court had to determine in the first instance whether the Debtor breached the Contract and if the Debtor did breach the Contract, what would be the range of damages due to RAJ. Indeed, at the April 29, 2009 hearing regarding the proposed settlement, the Court stated that it would need to decide whether there was a breach of contract before it got to the issue of damages . After due consideration, the Court found that the evidence adduced as of the date of the alleged breach of contract did not support the claim that the Debtor breached the

Contract.  Accordingly, the Court ruled that the Debtor's only liability to RAJ was the return of its down payment, which it already received, and that RAJ is not entitled to any claim for damages.  Because the Court has already dealt with the facts and contested issues regarding, *inter alia,* whether the Debtor was liable to RAJ in its prior Decision and Order, which is a final and no longer appealable order, the Court will not revisit the same arguments raised by RAJ to this Motion.

While RAJ raises the argument in response to the Trustee's Motion that it has a claim for breach of contract damages simply as a result of the Debtor's rejection of the Contract pursuant to 11 U.S.C. §365(g)(1), the Court notes that the result is no different.  Section 365(g)(1) provides that "the rejection of an executory contract ... of the debtor constitutes a breach of contract ... if such contract ... has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition".  11 U.S.C. §365(g)(1).  "However, the Code does not determine parties' rights regarding the contract and subsequent breach.  To determine these rights, we must turn to state law."  *In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997)(citations omitted).  Accordingly, the Court must look towards the terms of the Contract and New York law to determine whether RAJ has a claim against the Debtor's estate under 11 U.S.C. § 365(g)(1).  As discussed in the Court's prior Decision and Order and reiterated above, the Court found that the Debtor's only liability to RAJ was the return of its down payment under the terms of the Contract and New York law and RAJ was not entitled to any claim for damages.  Therefore, RAJ would not be entitled to any recovery against the Debtor's bankruptcy estate.

## CONCLUSION

Based upon the foregoing and the Court's prior Decision and Order, the Trustee's Motion to disallow and expunge claim number 30 and claim number 33 is granted.

Dated: Central Islip, New York
      July 1, 2010                                                *s/Dorothy Eisenberg*
                                                                            United States Bankruptcy Judge